FILED

2003 NOV 24 P 4: 41

US DISTRICT COURT
BRIDGEPORT CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ELECTRIC INSURANCE COMPANY

V.

CASE NO: 3:02CV1706 (WWE)

DARLENE CASTROVINCI, RONALD A.
CASTROVINCI, JOSEPH CASTROVINCI,
JANE DOE, PPA, JAMES DOE, JANE DOE
INDIVIDUALLY AND JOHN DOE

JULY 16, 2003

## MEMORANDUM OF LAW IN SUPPORT OF RONALD CASTROVINCI AND DARLENE CASTROVINCI'S MOTION FOR SUMMARY JUDGMENT

I.   INTRODUCTION

The Plaintiff, Electric Insurance Company, instituted this action seeking a declaratory judgment. Electric Insurance Company alleges it is not obligated to indemnify or defend the Defendants, Ronald and Darlene Castrovinci (the "Castrovincis), in connection with the lawsuit instituted against them by the Defendants the Does in Superior Court for the Judicial District of Litchfield.

The Castrovincis have claimed coverage under their homeowner's policy issued by Electric Insurance Company.

The undisputed material facts and law show that coverage is afforded the Castrovincis. First, the exclusion for sexual molestation does not apply to the

Castrovincis in that they did not commit the alleged molestation, but are claimed to have been negligent and/or reckless in their supervision of Joseph Castrovinci. Thus, pursuant to the policy's severability clause and relevant case law, as more fully set forth herein, the exclusion does not apply to these claims.

Second, the claims against the Castrovincis' do arise from an occurrence, as that term is defined in the policy. As the claims against the Castrovincis are treated separately from those of Joseph Castrovinci, and only allege negligence and/or recklessness, they were accidental.

It is for these reasons that the Castovincis are entitled to Summary Judgment.

II.     UNDISPUTED MATERIAL FACTS [1]

The Castrovincis are owners of a home located at 41 Maplewood Drive, New Milford, Connecticut. (SOMF, Paragraph 1). The property is insured under homeowner's policy number 6004051H3, which policy was issued by Electric Insurance Company. (SOMF, Paragraph 2). The Castrovincis are named defendants in a lawsuit instituted by the Doe defendants herein. Said lawsuit was

---

[1] The facts referenced in this memorandum are taken from the Defendant's Rule 56(a) Statement of Material Facts ("SOMF") and refer to the paragraph of the Statement.

filed in the Judicial District of Litchfield on or about April 12, 2002. (SOMF, Paragraph 7).

Pursuant to the state court complaint, the Defendant, Joseph Castrovinci, had improper sexual contact with James Doe between February 2001 and November 2001. (SOMF, Paragraph 9). At all times during February 2001 and November 2001, the Castrovincis were insured by Electric Insurance Company. (SOMF, Paragraph 10).

The complaint contains no allegations that the Castovincis engaged in improper sexual contact with James Doe. (SOMF, Paragraph 11).

Pursuant to the terms of the policy, Electric Insurance Company is obligated to indemnify and defend the Castrovincis, as the claims against them are separate and distinct from the actions of Joseph Castrovinci. (SOMF, Paragraphs 13 and 14).

III.   ARGUMENT

  A. Summary Judgment

Summary Judgment is proper where there remains no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Richardson v. Costco Wholesale Corp., 169 f.2d 56,60 (2nd Cir. 2001). The moving party has the burden of establishing the absence of any genuine issue of material

fact. American International Group v. London American International Corp., 664 F.2d 348 (2nd Cir. 1981).

In order for an opposing party to show the existence of a material fact, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." Heilweil v. Mt. Sinai Hosp., 23 F.3d 718, 723 (2nd Cir. 1994). The party opposing the motion must establish evidence sufficient for a jury to return a verdict in its favor. Id.

B. Policy Exclusion Contract Does Not Exclude Coverage for the Castrovincis.

The Castrovincis' homeowner's policy provides coverage for personal liability arising from a claim alleging bodily injury caused by an occurrence covered under the terms of the policy. This coverage is limited by several exclusionary clauses. It is the exclusionary clause for sexual molestation upon which the Plaintiff relies.

The exclusion for sexual molestation states "Arising out of sexual molestation, corporal punishment or physical or mental abuse." The Plaintiff claims that the negligent supervision and recklessness claims asserted by the Does against the Castrovincis "arise out of" Joseph Castrovinci's alleged molestation of James Doe. "The interpretation of an insurance policy, like the interpretation of other contracts, involves a determination of the intent of the parties as expressed by

the language of the policy." Community Action for Greater Middlesex County, Inc. v. American Alliance Insurance Co., 254 Conn. 387. 399 (2000.) The court must determine the parties' intent by deciding what the insured expected to receive and the insurer was to provide. Id. This is to be done by viewing the contract in its entirety and deriving intent from the four corners of the policy. Id.

The liability coverage reads "If a claim is made or a suit is brought against the "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies we will. . . ". Under the heading, Section II – Conditions, Paragraph Number Two, entitled "Severability of Insurance", reads: "This insurance applies separately to each insured. This condition will not increase our limit of liability for any one occurrence." The policy defines an occurrence as an accident, which results in bodily injury.

Based upon these provisions, the Castrovincis expected coverage against a claim for damage causing bodily injury as a result of an accident and that each of their actions would be viewed separately from the other. The Plaintiff, on the other hand, is alleging there is no coverage for the Castrovincis not because their actions fall within an exclusion of coverage, but because the action of Joseph Castrovinci

falls within an exclusion. How can the insurance carrier reasonably claim it was providing coverage to each insured separately and apart from the other insureds, yet deny coverage to all insureds, based upon the action of one insured?

Using the test set forth in Community Action, this court must interpret the terms of the contract based upon all the terms of the contract and what the parties reasonably expected coverage to be based upon all of those terms. When this court so interprets this particular contract, the Castrovincis' submit, that the only result it can reach is that the parties intended to exclude from coverage under the exclusion provision, only the insured that it is alleged actually committed the molestation, not those who may face derivitive claims.

Several courts have looked at the applicability of the severability clause and these holdings support the Castrovincis' position. The Fifth Circuit found that "the purpose of the severability clause was to sever the policy so that the acts of one insured would not deny coverage to another insured." State Farm Fire & Casualty Insurance Company v. Green, 209 F. 3d 767, 769 (5th Cir. 2002). In the State Farm case, State Farm took the position that the intent of the exclusion was to deny coverage to any insured regardless of the severability clause. The severability clause does not negate an exclusionary provision. The court rejected that argument

saying "there is no language in the policy to suggest that the severability clause is only applicable to the question of coverage for a co-insured who did not personally commit the act giving use to liability." Id. at 770. "The severability clause treats each named insured separately." Id. at 771.

In a sexual molestation case, on facts similar to those presented here, the Florida Appellate Court held that there was coverage under the parents' homeowners' policy for the parents when they were sued for negligent supervision. Premier Insurance Co. v. Adams, 632 So. 2d 1054 (1994). The court concluded that the severability clause requires that "each insured be treated as having separate insurance coverage." Id. at 1057. This reasoning allowed the court to give meaning to both the severability clause and the exclusion. "An interpretation which give reasonable meaning to all provisions of a contract is preferred to one which leaves a part useless or inexplicable." Id. See also, Worchester Mutual Insurance Co. v. Marnell, 398 Mass. 240 (1986); Northwestern National Insurance Co. v. Nemetz, 135 Wisc. 2d. 245 (1986). The Premier Insurance court held, "The policy contains an exclusion for intentional acts of 'any insured' and contains a severability clause creating a separate insurable interest in each individual insured. In accordance with the rules of construction of a contract, the most plausible interpretation is that the

exclusionary clause is to exclude coverage for the separate insurable interest of that insured who intentionally causes the injury. With this interpretation, all provisions in the policy are given meaning and one provision is not rendered meaningless by the other." Id.

In the case of Wayne Township Board of School Commissioners v. Indiana Insurance Co., 650 N.E. 2d 1205 (Ind. App. 1995), the court was faced with a sexual molestation situation once again. Here the court specifically held that the negligent supervisions claim must be treated separately. The court held "The plain and unambiguous language of the policy requires that claims against each insured be treated separately. The child was molested by the principal who was an insured separate from the school under the Indiana Insurance Policy." Id. at 1209.

Based upon the reading of the sexual molestation exclusion in conjunction with the severability clause, the reasonable expectation of the Castrovincis was that there would be coverage for claims brought against them as a result of the actions of other insureds under the policy. Thus, under the standard stated by the Connecticut Supreme Court in Community Action, this court must find that the interpretation of the policy language affords the Castrovincis' coverage.

  C. The claims of the Doe Defendants Do Constitute an Occurrence Under the Policy.

The Plaintiff contends that there is no coverage for this claim, as it does not fall within the definition of occurrence under the policy. The policy defines occurrence as "an accident including continuous or repeated exposure to substantially the same general harmful conditions which results, during the policy period in a bodily injury.

The Plaintiff first contends that there is no bodily injury. This ignores the allegations of the complaint. The complaint alleges that James Doe was the victim of sexual assault, sexual battery, sodomy, anal rape and improper sexual contact resulting in insult to his bodily integrity. Those allegations are contained in the counts claiming that the Castrovincis negligently supervised Joseph and were reckless in failing to warn the Doe Plaintiffs of Joseph's propensities. The result of their negligent and reckless behavior is that James Doe suffered insult to his bodily integrity. This is not a strictly emotional injury. In fact, it is not an emotional injury at all; it is a physical one. Therefore, the claim arises from a bodily injury.

The Plaintiff also contends that the claim did not arise out of an occurrence since Joseph's actions were violational and an occurrence need be accidental. Once again, this ignores the severability clause. The acts of the Castrovincis must be viewed in light of the claims against them as separate insureds. There are no

allegations that the Castrovincis acted intentionally. "The fact that an accident is caused by or is traceable to the act of a person other than the insured does not prevent the occurrence from being an accident. When the injury is not the result of the misconduct or the participation of the insured party, it is, as to him, accidental, although inflicted intentionally by the other party." <u>Brumley v. Safeco</u>, supra at 823.

In the recent Connecticut Superior Court case of <u>Covenant Insurance Co. v. Sloat</u>, 203 Conn. Super. Lexis 1557 (2003), the court was faced with the same claim as the Plaintiff is making here, that an intentional act by a child negates coverage for the parents since there was no occurrence. The court held that "the issue of whether the Meyers' action alleges an accident or occurrence must be determined from the standpoint of the insured seeking coverage, who, for purposes of this analysis, are Sean's parents. While the act alleged in the Meyers action were certainly intended and expected from Sean's standpoint, they were most literally unintended and unexpected from his parents' standpoint. Therefore, with respect to Sean's parents, the allegations in the Meyers' action allege an occurrence under the policy." The same is true of the Castrovincis. Joseph Castrovinci's actions were unintended and unexpected by the Castrovincis. Therefore, as to the Castrovincis, there was an insurable occurrence.

IV. CONCLUSION

For all of the above reasons, the Castovincis respectfully request this Honorable Court enter judgment in their favor and declare that 1) Electric Insurance Company has a contractual duty to defend Ronald Castrovinci and Darlene Castrovinci in the Doe lawsuit and 2) that Ronald Castrovinci and Darlene Castrovinci are entitled to indemnification against any judgment rendered against them up to the limits of liability in the Doe Lawsuit.

>                THE DEFENDANTS
>                RONALD A. CASTROVINCI AND
>                DARLENE CASTROVINCI
>
>                *[signature]*
>                David S. Feldman, Bar No. CT 03556
>                Willinger, Willinger & Bucci, P.C.
>                855 Main Street, Bridgeport, CT  06604
>                (203) 366-3939

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, on the above date to the following:

Patrick M. Noonan, Esq.
Delaney, Zemetis, Donahue, Durham & Noonan, P.C.
741 Boston Post Road, Suite 306
Boston, MA  02109

Rhonda L. Rittenberg, Esq.
Thomas M. Elcock, Esq.
Prince, Lobel, Glovsky & Tye, LLP
585 Commercial Street
Guilford, CT  06437

Joel Faxon, Esq.
Koskoff, Koskoff & Bieder
350 Fairfield Ave.
Bridgeport, CT  06604

_____
David S. Feldman