```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

ELECTRIC INSURANCE,              :    No. 3-02-cv-1706(WWE)
        Plaintiff,               :
                                 :
v.                               :
                                 :
DARLENE CASTROVINCI,             :
RONALD A. CASTROVINCI,           :
JANE DOE, PPA,                   :
JAMES DOE, JANE DOE, and         :
JOHN DOE,                        :
        Defendants.              :
```

### RULING ON CROSS MOTIONS FOR SUMMARY JUDGMENT

This is an action for declaratory judgment bought by the plaintiff, Electric Insurance Company, relative to its obligation to defend and indemnify defendants Darlene Castrovinci, Ronald Castrovinci and Joseph Castrovinci in a lawsuit brought by the Doe defendants in Connecticut state court.

The plaintiff and the Castrovinci defendants have filed cross motions for summary judgment. The Doe defendants have filed an opposition to plaintiff's motion for summary judgment. For the following reasons, the plaintiff's motion for summary judgment will be granted, and defendants' motion will be denied.

### BACKGROUND

Plaintiff and defendants have submitted statements of facts with supporting evidentiary materials. These submissions reveal the following undisputed facts.

The plaintiff, Electric Insurance Company, is a corporation organized under the laws of the Commonwealth of Massachusetts with

a principal place of business in Beverly, Massachusetts. Electric Insurance issued Homeowners Insurance Policy No. 6004051H3 (the "Homeowner's Policy") to Darlene Castrovinci for the policy period of September 14, 2000 through September 14, 2001, and September 14, 2001 though September 14, 2002.

The Homeowner's Policy provides liability limits of $100,000 per person/per occurrence. In "Section II, Liability Coverages, Coverage E, Personal Liability," the Homeowner's Policy provides:

> If a claim is made or a suit is brought against an "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies, [Electric Insurance Company] will:
>
> 1. Pay up to our limit of liability for the damages for which the insured is legally liable...
>
> 2. Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when the amount we pay for damages resulting from the "occurrence" equals our limit of liability.

The policy defines "bodily injury" as "bodily harm, sickness or disease, including required care, loss of services and death that results." "Occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period in.... 'Bodily injury.'"

The Homeowner's Policy contains the following exclusion:

> Coverage E-Personal Liability and Coverage F-Medical Payments to Others do not apply to "bodily injury"...
>
> A.   Which is expected or intended by the "insured";
>
> ***
>
> K.   Arising out of sexual molestation, corporal punishment or physical or mental abuse...

A severability clause provides that the Homeowner's Policy "applies separately to each 'insured.'"

In April, 2002, a lawsuit was instituted in Connecticut state court by Jane Doe, John Doe and James Doe against Ronald A. Castrovinci, Darlene Castrovinci and Joseph Castrovinci. The state court complaint makes the following factual allegations.

Joseph Castrovinci is 14 years old, and Darlene and Ronald Castrovinci are his parents. Jane and John Doe acted as childcare providers to Joseph Castrovinci. Between February, and November, 2001, Joseph Castrovinci sexually molested James Doe, the son of Jane and John Doe.

The complaint consists of three counts. Count one asserts that Darlene and Ronald Castrovinci and Joseph Castrovinci are liable for the sexual assault of James Doe, and counts two and three allege, respectively, that Darlene and Ronald Castrovinci are liable for common law torts of negligence and recklessness.

Electric Insurance is providing a defense to Ronald and Darlene Castrovinci in the Doe lawsuit under a reservation of rights, but has denied coverage under the policy for all claims

asserted against Joseph Castrovinci and is not providing a defense to him in the Doe lawsuit.

## DISCUSSION

### A. Standard of Review

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper."  Bryant v. Maffucci, 923 F. 2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. American International Group, Inc. v. London American International Corp., 664 F. 2d 348, 351 (2d Cir. 1981).  In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  If a nonmoving party has failed to make a sufficient showing on an essential element of his or her case with respect to which he or she has the burden of proof, then summary judgment is appropriate. Celotex Corp., 477 U.S. at 323.  If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met. Anderson, 477 U.S. at 249.

Plaintiff Electric Insurance argues that it has no

obligation to defend or indemnify the Castrovinci defendants pursuant to the policy's clause excluding coverage for bodily injury "[a]rising out of sexual molestation." The Castrovinci and the Doe defendants counter that, by reading the policy's exclusionary and severability clauses together, the policy does not preclude coverage for the negligence and recklessness claims asserted against Darlene and Ronald Castrovinci. The Castronvincis argue that the severability clause works to sever the policy so that the acts of one insured do not deny coverage to another insured. Additionally, the Does contend that the exclusionary clause is ambiguous and should be construed against the plaintiff.

The defendants do not contest that the policy affords no coverage to Joseph Castrovinci in connection to the Doe lawsuit.

Insurance policy words must be accorded their ordinary and natural meaning, and any ambiguity in the terms of the policy must be construed in favor of the insured. <u>Hansen v. Ohio Casualty Ins. Co.</u>, 239 Conn. 537, 542 (1996). "The determinative question is the intent of the parties," as disclosed by the policy terms viewed in their entirety. <u>Community Action for Greater Middlesex County, Inc. v. American Alliance Insurance Co.</u>, 254 Conn. 387, 399 (2000).

In this case, the severability clause requires that the terms of the Homeowner's Policy apply separately to each insured. Accordingly, the Court's inquiry turns to whether the language of the exclusionary clause precludes plaintiff's defense and

indemnification of the Does' claims against the Castrovinci parents.  Specifically, the Court must determine whether the allegations of negligent supervision and recklessness fall within the exclusion for claims arising out of the alleged sexual molestation.

Several Connecticut courts have had occasion to interpret the phrases "arise out of" and "arising out of" in the context of insurance policies.  The Connecticut Supreme Court instructs that liability for an accident or an injury arises out of an occurrence or offense where the accident or injury "was connected with," "had its origins in," "grew out of," "flowed from," or "was incident to" the occurrence or offense. QSP, Inc. v. Aetna Casualty & Surety Co., 256 Conn. 343, 374 (2001).  QSP, Inc. elaborated that the phrase "arising out of" is usually interpreted as indicating a causal connection.  An exclusionary clause that uses the phrase, "arising out of" precludes coverage for an entire class of risks arising out of specified conduct, and does not turn on the intent of the insured. Covenant Insurance Company v. Sloat, 2003 WL 21299384 (Conn. Super. 2003).

In this instance, the negligent supervision and recklessness claims have a clear causal connection to the alleged molestation and the injuries arising therefrom.  Indeed, the Does' complaint alleges that, "[t]he aforementioned actions and injuries were caused by the Defendants Ronald and Darlene Castrovinci's negligence...", and that, "[t]he aforementioned actions and injuries were caused by the Defendants, Ronald and Darlene

Castrovinci's recklessness...." Accordingly, the Court will enter a declaratory judgment that plaintiff has no obligation to defend or indemnify Ronald Castrovinci, Darlene Castrovinci and Joseph Castrovinci relative to the Doe lawsuit.

## **CONCLUSION**

For the foregoing reasons, plaintiff's Motion for Summary Judgment [doc. #15] is GRANTED, and the defendant Castrovinci's Motion for Summary Judgment [doc.# 27] is DENIED.

The Court enters the following declaratory judgment:

> The plaintiff, Electric Insurance, is not obligated to defend or indemnify Ronald Castrovinci, Darlene Castrovinci and Joseph Castrovinci relative to the Doe lawsuit.

The clerk is instructed to close this case.

SO ORDERED.

_____
Warren W. Eginton
Senior United States District Judge

Dated the \_\_\_ day of November, 2003 in Bridgeport, Connecticut.